1   RONALD WILCOX, Bar No. 176601
       1900 The Alameda Ste., 530
2   San Jose, CA 95126
       Tel: 408-296-0400
3   Fax: 408-296-0486
       ronaldwilcox@gmail.com
4

5   IVAN LOPEZ VENTURA, Bar No. 255743
       5155 West Rosecrans Avenue Ste., 224
       Hawthorne, CA 90250
6   Tel:  714-788-4804
       Fax:  949- 266-8230
7   lopezesq@gmail.com

8   Counsel for the Plaintiffs
       MARTINA URIBE
9   JUAN URIBE FERNANDEZ
       MARIBEL URIBE
10

11          **IN THE UNITED STATES DISTRICT COURT**

12       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13              **(SAN DIEGO DIVISION)**

| | |
|---|---|
| MARTINA URIBE<br>JUAN URIBE FERNANDEZ<br>MARIBEL URIBE | Case No.: 15-CV-1268-AJN-RBB |
| Plaintiff, | |
| v. | **JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)** |
| 21st MORTGAGE CORPORATION;<br>DOES 1 THROUGH 10 | |
| Defendants. | |

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

1

## JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

Plaintiffs and Defendants, by their counsel, state as follows in support of their Joint Motion to Transfer:

1.      Plaintiffs filed their complaint on June 7, 2015.  However, after conferring with Defendant, the parties now agree that pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the Central District of California, Western Division.

2.      28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or any district or division to which all parties have consented."  Here, transfer is proper as this case could have been initiated in the Central District of California, Western Division, and all parties have consented to such transfer.

3.      Section 1404(a) places the discretion of the district court to adjudicate motions for transfer based on "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988); *Jones v. Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Transfer is proper where: (1) the district to which transfer is sought is one in which the action "might have been brought;" and (2) that convenience and the interest of justice weight in favor of the transfer.  28 U.S.C. § 1404(a); *Cartwright v. Regents of the*

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

*University of California*, C-05-4610-PJH, 2006 U.S. Dist. LEXIS 1361, at *3

(N.D. Cal. Jan. 6, 2006); *Stonetile Canada Ltd. v. Castia Stone, Inc.*, No. 06-1546,

2006 U.S. Dist. LEXIS 92489 (W.D. Wash. Dec. 21, 2006).  The parties agree that

both of these factors are satisfied here.

A.   <u>Venue Is Proper In The Central District Of California, Western Division, And That Court Has Personal Jurisdiction Over The Defendant.</u>

    4.    As a threshold matter, the party seeking transfer must establish that

the transferee court has subject matter jurisdiction, has personal jurisdiction over

the defendant, and that venue is proper.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44

(1960).

    5.    First, the Central District of California, Western Division has subject

matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiffs seek

relief under a federal statute, 28 U.S.C. § 227.

    6.    Second, the Central District of California, Western Division, has

personal jurisdiction over all of the parties as Plaintiffs reside there and Defendant

transacts substantial business there.

    7.    Third, venue is proper there under 28 U.S.C. § 1391(b)(2) as a

substantial part of the events giving rise to the complaint occurred there.

    8.    As the Central District of California, Western Division, has personal

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

1   and subject matter jurisdiction over this matter, and venue is proper there, this

2   action may be brought in that court.

3

**B.**   **Transfer To The Central District of California, Western Division, Will**
4       **Serve The Convenience Of The Parties And Witnesses And The**
        **Interests Of Justice**
5

6       9.      In determining whether transfer is appropriate under 28 U.S.C. §

7   1404(a), the Court may consider a number of factors such as: (1) the location

8
    where the events at issue occurred; (2) location of parties, witnesses, and sources
9
    of proof; (3) the parties' contacts with the forum; and (4) plaintiff's choice of
10
    forum.  *Cartwright*, 2006 U.S. Dist. LEXIS 1361, at *4 (*citing Jones*, 211 F.3d
11
12  495, 498-99 (9th Cir. 2000).  All of these factors weigh in favor of transfer.

13
        10.     First, many of the events at issue in Plaintiffs' complaint occurred in
14

15  the Central District of California, Western Division.

16      11.     Second, both the Plaintiffs and the Defendant are residents of the

17
    Central District of California, Western Division.  As all parties have significant
18

19  contacts with that district, this factor weighs in favor of transfer.

20      12.     Third, transfer to the Central District of California will serve the

21
    convenience of witnesses.  "One of the most important factors in determining
22

23  whether to grant a motion to transfer is the convenience of witnesses."  *Jarvis v.*

24  *Marietta*, C-98-4957-MJJ, 1999 U.S. Dist. LEXIS 12659, at *11 (N.D. Cal. Aug.

25

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

4

12, 1999). Here, Plaintiffs and many of Defendant's witnesses are located in the Central District of California. This factor weighs in favor of transfer.

13. Fourth, though Plaintiffs originally filed their Complaint in the Southern District of California, they are entitled to move for change of venue. *United States v. United Air Lines*, 216 F. Supp. 709, 715 (D. Nev. 1962). Given that, in part due to Defendant's insistence that it is the Central District of California that has personal jurisdiction over it, Plaintiffs are willing to transfer this case to another forum to avoid any further questions of jurisdiction.

14. Finally, in deciding whether to exercise discretion and order a transfer under § 1404, the main factor to consider is often the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986). Here, both parties agree that the interest of justice militates towards effecting transfer to the Central District of California, Western Division. It has been recognized that an important consideration for venue transfers is the "local interest in having localized controversies decided at home." *Decker Coal Co. Commonwealth Edison*, 805 F.2d 834, 843 (9th Cir. 1986). *See Dudash v. Varnell Struck & Assoc.*, No. C-04-2478-MHP, 2004 U.S. Dist. LEXIS 24872, at *14 (N.D. Cal. Nov. 16, 2004). Here, both Plaintiffs and Defendant are located in the Central District of California, Western Division. Given that many witnesses and the conduct in this case are based there, that district may have a significant interest in the controversy at issue.

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

1  *See Jarvis*, 1999 U.S. Dist. 12659, at *19 (transferring action from the Northern

2  District of California to New York because New York had a greater local interest

3

4  in the controversy). As a result, this case should be transferred to the Central

5  District of California, Western Division.

6      WHEREFORE, for all the reasons stated herein, the Plaintiffs and Defendant

7  request that this Court grant their Motion to Transfer, and transfer this case to the

8

9  Central District of California, Western Division.

10 Dated: 7/27/15                    RONALD WILCOX

11                                    /s/Ronald Wilcox

12

13                                    Attorney for Plaintiffs

14 Dated: 1/29/15                     ALPERT BARR & GRANT, A PROFESSIONAL
                                      LAW CORPORATION
15                                    MARK S. BLACKMAN

16

17

18                                    Attorney for Defendant

19

20

21

22

23

24

25

JOINT MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)